IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| BRANDON CHRISTOPHER HOWARD, AIS # 229852, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 2:26-CV-353-WKW [WO] |
| JAYNE FLOYD, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

## A. Introduction

Plaintiff Brandon Christopher Howard, an inmate proceeding *pro se*, filed a 42 U.S.C. § 1983 complaint on April 16, 2026.[1] (Doc. # 1.) The complaint named seven Defendants: "Steward Floyed"; "Chief Snail"; "Stewart McLean"; "Stewart Loren"; "Ara Mark"; "Officer Wright"; and "Officer Tuck." (Doc. # 1.) The identities of all Defendants except for "Stewart Loren" have been ascertained. (*See* Doc. # 16 ¶ 2 (identifying "Officer Wright" as Officer Latasha J. Wright and "Officer Tuck" as Officer Briana S. Tuck); Doc. # 16 ¶ 4 (identifying "Ara Mark" as Aramark

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing." *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009). Absent evidence to the contrary, the court "assume[s] that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (per curiam). Plaintiff dated his complaint "4-16-26." (Doc. # 1 at 4.) Therefore, the complaint is deemed filed on April 16, 2026, even though it was not received by the court and docketed until May 6, 2026.

Correctional Services, LLC); Doc. # 20 at 1 (identifying "Stewart McLean" as Charlotte McLean); Doc. # 26 ¶ 2 (identifying "Steward Floyed" as Jayne Floyd); Doc. # 26 ¶ 3 (identifying "Chief Snail" as Bryant Kevin Snell).) Despite multiple attempts to serve and obtain information regarding "Stewart Loren," this Defendant still has not been properly served. Consequently, "Stewart Loren" will be dismissed as a Defendant in this action.

**B. <u>Attempts to Serve and Obtain Information About "Stewart Loren"</u>**

By Order dated June 10, 2026, service of the complaint and summons on all Defendants via certified mail was directed. (Doc. # 5 ("June 10 Order").) The June 10 Order warned Plaintiff as follows:

> It is Plaintiff's responsibility to provide the Clerk's Office with an accurate address for each Defendant. Without an accurate address, service of process cannot be perfected. It is also the Plaintiff's responsibility to monitor proceedings and make sure that service has been completed. Except in very unusual circumstances, a person not properly served will not be deemed a party to this case.

(Doc. # 5 at 2.) On June 22, 2026, the certified-mail service package sent to "Stewart Loren" was returned with the notations, "Return to Sender, Refused, Unable to Forward." (Doc. # 8 at 1.) Although the certified-mail return receipt was signed, the person who signed it crossed out the signature and wrote, "wrong person." (Doc. # 8 at 2.)

By Order dated July 13, 2026, General Counsel for the Alabama Department of Corrections (ADOC) was directed to provide the court with the full name and last

known home and/or employment addresses for all seven Defendants. (Doc. # 12.) On August 4, 2026, Interim General Counsel for the ADOC filed a response. (Doc. # 16.) In that response, Interim General Counsel informed the court that "Stewart Loren" is not and has never been an ADOC employee but is likely an employee of Aramark Correctional Services, LLC ("Aramark"). (Doc. # 16 ¶ 4.) Based on Interim General Counsel's representations, an Order was issued on August 11, 2026, directing that a copy of the complaint be sent to Aramark at its principal address in Philadelphia, Pennsylvania. (Doc. # 17.) Aramark was given until September 1, 2026, to notify the court in writing whether Defendants "Steward Floyed," "Chief Snail," "Stewart Loren," and Charlotte McLean are or were Aramark employees. (Doc. # 17.) The deadline passed with no response from Aramark.

On September 9, 2026, an Order was sent to Laura Harrington, Executive Vice President and General Counsel for Aramark, directing that she provide information regarding the potential Aramark Defendants. (Doc. # 25.) On September 23, 2026, counsel for Aramark filed a response. (Doc. # 26.) In that response, counsel for Aramark provided full names and addresses for "Steward Floyed," "Chief Snail," and Charlotte McLean. (Doc. # 25 ¶ 2–3, 5.) As for "Stewart Loren," counsel for Aramark contends that "Stewart Loren is not and was not an Aramark employee." (Doc. # 25 ¶ 4.)

Based on the response from Aramark's counsel, an Order was issued on September 24, 2026, directing service on "Steward Floyed," "Chief Snail," and Charlotte McLean. (Doc. # 29 ("September 24 Order") at 3.) The September 24 Order also noted the continuing failure to perfect service on "Stewart Loren":

> Service was first attempted on "Stewart Loren" at the address provided by Plaintiff (*i.e.*, his correctional facility) on June 12, 2026. (Doc. # 6.) That service attempt was unsuccessful. (Doc. # 8.) Inquiries regarding "Stewart Loren" were sent to the ADOC and to Aramark (Docs. # 12, 25), and neither Interim General Counsel for the ADOC nor counsel for Aramark could provide any insight as to the identity or whereabouts of "Stewart Loren" (Docs. # 16, 26).

(Doc. # 29 at 2–3 n.3.) Furthermore, the September 24 Order directed Plaintiff to provided additional identifying information for "Stewart Loren" by October 8, 2026, or risk dismissal of this Defendant pursuant to Rule 4(m) of the Federal Rules of Civil Procedure. (Doc. # 29 at 2 & n.3.)

## C. Dismissal of "Stewart Loren" as a Defendant

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time of service for an appropriate period.

Fed. R. Civ. P. 4(m). "[O]nce an appropriate time has lapsed and the defendant still cannot be served process despite 'reasonable effort[s]' to do so, the district court

may dismiss the claim under Rule 4(m)." *West v. Schultz*, 2025 WL 3123674, at *4 (11th Cir. Nov. 7, 2025) (per curiam) (second alteration in original).

More than six months have elapsed since Plaintiff filed his complaint, and "Stewart Loren" still has not been properly served. The 90-day time limit for service to be perfected on "Stewart Loren" expired on July 15, 2026. Not only has this court extended Rule 4(m)'s deadline without being asked by Plaintiff to do so, it also has, on its own initiative, sought additional information about "Stewart Loren" necessary to perfect service on this Defendant. Although this court "need not use magic words to exercise its discretion to dismiss [the plaintiff's] claim under Rule 4(m)," it nevertheless finds that "reasonable effort[s]" were made to serve "Stewart Loren." *West*, 2025 WL 3123674, at *5 (second alteration in original). At this juncture, it is no longer reasonable nor appropriate to futilely attempt service on "Stewart Loren."

Furthermore, Plaintiff has been on notice that failure to perfect service on "Stewart Loren" would result in the dismissal of this Defendant. For example, the June 10 Order warned Plaintiff that it is his "responsibility to monitor proceedings and make sure that service has been completed" and that "[e]xcept in very unusual circumstances, a person not properly served will not be deemed a party to this case." (Doc. # 5 at 2.) The September 24 Order notified Plaintiff of Rule 4(m)'s directives and gave him the opportunity to provide additional information about "Stewart Loren" to aid in perfecting service on this Defendant. (Doc. # 29 at 2 & n.3.)

An appropriate amount of time has passed, and despite the court's reasonable efforts, "Stewart Loren" still has not been served. Consequently, Plaintiff's claims against "Stewart Loren" will be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

## D. <u>Conclusion</u>

Based on the foregoing, it is ORDERED that Plaintiff's 42 U.S.C. § 1983 claims against "Stewart Loren" are DISMISSED without prejudice. The Clerk of Court is DIRECTED to terminate "Stewart Loren" as a party to this action.

DONE this 28th day of October, 2026.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE